UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC WATERMAN, | : |
| | : **COMPLAINT FOR VIOLATION OF THE** |
| Plaintiff, | : **SECURITIES EXCHANGE ACT OF 1934** |
| | : |
| v. | : Case No. _____ |
| | : |
| EMCLAIRE FINANCIAL CORP., | : **JURY TRIAL DEMANDED** |
| WILLIAM C. MARSH, DAVID L. COX, | : |
| MILISSA S. BAUER, JAMES M. CROOKS, | : |
| HENRY H. DEIBLE, HENRY H. DEIBLE II, | : |
| ROBERT W. FREEMAN, MARK A. | : |
| FREEMER, STEVEN J. HUNTER, JOHN B. | : |
| MASON, DEANNA K. MCCARRIER, and | : |
| NICHOLAS D. VARISCHETTI, | : |
| | : |
| Defendants. | : |

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. On March 23, 2022, Emclaire Financial Corp.'s ("Emclaire" or the "Company") Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an Agreement and Plan of Merger (the "Merger Agreement") with Farmers National Banc Corp ("Farmers") and FMNB Merger Subsidiary V, LLC ("Merger Sub").

2. Under the terms of the Merger Agreement, Emclaire's stockholders will receive $40.00 in cash or 2.15 shares of Farmers common stock per share (the "Proposed Merger").

3. On June 6, 2022, defendants filed a registration statement (the "Registration Statement") with the U.S. Securities and Exchange Commission (the "SEC").

4.	As set forth herein, the Registration Statement fails to disclose material information regarding the Proposed Merger, in violation of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5.	This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6.	This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.	Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.	Plaintiff is and has been continuously throughout all times relevant hereto the owner of Emclaire common stock.

9.	Defendant Emclaire is a Pennsylvania corporation and a party to the Merger Agreement. Emclaire's common stock is traded on the NASDAQ under the ticker symbol "EMCF."

10.	Defendant William C. Marsh is President, Chief Executive Officer, and Chairman of the Board of the Company.

11.	Defendant David L. Cox is Vice Chairman of the Board of the Company.

12.	Defendant Milissa S. Bauer is a director of the Company.

13. Defendant James M. Crooks is a director of the Company.

14. Defendant Henry H. Deible is a director of the Company.

15. Defendant Henry H. Deible, II is a director of the Company.

16. Defendant Robert W. Freeman is a director of the Company.

17. Defendant Mark A. Freemer is a director of the Company.

18. Defendant Steven J. Hunter is a director of the Company.

19. Defendant John B. Mason is a director of the Company.

20. Defendant Deanna K. McCarrier is a director of the Company.

21. Defendant Nicholas D. Varischetti is a director of the Company.

22. The defendants identified in paragraphs 10 through 21 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

23. Emclaire is the parent company of the Farmers National Bank of Emlenton, a nationally chartered, FDIC-insured community commercial bank headquartered in Emlenton, Pennsylvania, operating nineteen full-service offices in Venango, Allegheny, Butler, Clarion, Clearfield, Crawford, Elk, Jefferson and Mercer Counties, Pennsylvania.

24. On March 23, 2022, Emclaire's Board caused the Company to enter into the Merger Agreement.

25. According to the press release announcing the Proposed Merger:

Farmers National Banc Corp. ("Farmers") (NASDAQ: FMNB), the holding company for The Farmers National Bank of Canfield ("Farmers Bank"), and Emclaire Financial Corp. ("Emclaire") (NASDAQ: EMCF), the holding company for The Farmers National Bank of Emlenton ("Emlenton Bank"), jointly announced today that they have entered into an agreement and plan of merger (the "Agreement").

Pursuant to the Agreement, each shareholder of Emclaire may elect to receive either $40.00 per share in cash or 2.15 shares of Farmers' common stock, subject to an

overall limitation of 70% of the shares being exchanged for Farmers' shares and 30% for cash. Based on Farmers' closing share price of $17.02 on March 23, 2022, the transaction is valued at approximately $105 million, or $37.62 per share. The merger is expected to qualify as a tax-free reorganization for those shareholders electing to receive Farmers' shares. The transaction is subject to receipt of Emclaire shareholder approval and customary regulatory approvals and is expected to close in the second half of 2022. . . .

Upon consummation of the transaction, Emlenton Bank will be merged with and into Farmers Bank, with Farmers Bank as the surviving bank, and Emlenton Bank's branches will become branches of Farmers Bank. Upon closing, Farmers estimates it will have approximately $5.2 billion in assets and 66 locations throughout Ohio and western Pennsylvania. . . .

Advisors

Serving Farmers in the transaction are Janney Montgomery Scott LLC as financial advisor and Vorys, Sater, Seymour and Pease LLP as legal counsel. Serving Emclaire in the transaction are Raymond James & Associates, Inc. as financial advisor and Silver, Freedman, Taff & Tiernan LLP as legal counsel.

26. On June 6, 2022, defendants filed the Registration Statement with the SEC in connection with the Proposed Merger. The Registration Statement fails to disclose material information.

Financial Projections

27. The Registration Statement fails to disclose the Company's and Farmers' financial projections.

28. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

Financial Analyses

29. The Registration Statement fails to disclose material information regarding the financial analyses conducted by Raymond James.

30. Regarding Raymond James' Selected Companies Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the companies utilized by Raymond James.

31. Regarding Raymond James' Selected Transaction Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the transactions utilized by Raymond James.

32. Regarding Raymond James' Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) the projected cash flows utilized by Raymond James; (ii) the terminal values utilized by Raymond James; (iii) the inputs and assumptions underlying the discount rates and multiples utilized by Raymond James; and (iv) the number of fully diluted shares utilized by Raymond James.

<u>Banker Engagement</u>

33. The Registration Statement fails to disclose the fees Raymond James received for providing the following services:

> During the two years preceding the date of its opinion letter, Raymond James has (i) provided investment banking advisory services to Emclaire that were unrelated to the Merger, for which Raymond James received a retainer fee, (ii) engaged in certain fixed income trading activity with Emlenton Bank, which is a subsidiary of Emclaire, for which Raymond James earned income, (iii) provided investment banking advisory services to Farmers in connection with the acquisition of Cortland Bancorp for which Raymond James received fees, (iv) provided investment banking services to Farmers in connection with a private debt offering for which Raymond James received fees and (v) engaged in certain trading activity with Farmers Bank and Farmers Trust Company, each a subsidiary of Farmers, for which Raymond James earned income.

<u>Background of the Proposed Merger</u>

34. The Registration Statement fails to disclose whether Emclaire entered into any NDAs containing don't ask, don't waive provisions.

35. The Registration Statement also fails to disclose the timing and details of all discussions regarding post-Proposed Merger employment.

## COUNT I

**Claim for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Emclaire**

36. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

37. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Emclaire is liable as the issuer of these statements.

38. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

39. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

40. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

41. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Merger.

42. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

43. Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the Exchange Act Against the Individual Defendants

44. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

45. The Individual Defendants acted as controlling persons of Emclaire within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Emclaire and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

46. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

47. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous

recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Registration Statement.

48. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

49. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated:  June 7, 2022  **GRABAR LAW OFFICE**

By: _____
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*